# MALZ v. FOX.

---

# FOX v. MALZ.

---

PATENTS; INTERFERENCE; CONSTRUCTION OF ISSUES; RIGHT TO MAKE CLAIM.

1. The requirement of a claim in interference relating to a blank-holder frame for attachment to typewriter platens, that the frame be movable from writing position by the rotation of the platen, is satisfied by a device in which the frame is movable from one position to another by rotation of the platen.

2. A limitation should not be arbitrarily read into a claim in interference, which will deprive a prior inventor of his discovery or thereafter harass him.   (Citing *Arbetter* v. *Lewis,* 34 App. D. C. 491.)

Nos. 912 and 925.   Patent Appeals.   Submitted November 11, 1914. Decided December 7, 1914.

HEARING on cross appeals from a decision of the Commissioner of Patents in an interference proceeding.

*Affirmed in part and reversed in part.*

The facts are stated in the opinion.

*Messrs. Goepel & Goepel* for Malz.

*Messrs. Chappell & Earl* for Fox.

Mr. Justice ROBB delivered the opinion of the Court:

These are appeals from a decision of an Assistant Commissioner of Patents in an interference proceeding in which counts 1, 2, and 5 were awarded to William R. Fox, and counts 3 and 4 to Ludwig Malz. Counts 1 and 3, which sufficiently illustrate the two groups, are here reproduced.

"1. A platen attachment for stenciling typewriters, comprising a rotatable platen having a cushion wrapped there around, and a holder for the stencil-blank adjacent said platen and adapted to be moved by the platen when the platen is rotated."

"3. In an attachment for a typewriting machine having a rotatable cylindrical platen, a movable blank-holder frame adapted to move to or from printing position and an operative connection between the blank-holder frame and the platen for moving the holder to or from said position by the rotation of the platen."

As will be seen from the above counts, the invention relates to an improved structure for holding a stencil card. This structure is adapted to be attached to an ordinary typewriter having pin-point type.

The Examiners in Chief and the Assistant Commissioner thoroughly reviewed the evidence, and found that Fox conceived, disclosed, and reduced the invention to practice prior to the alleged date of conception of Malz. The evidence fully convinces us of the correctness of this ruling. The Board awarded all the claims to Fox. The Assistant Commissioner, however

entertained the view that the Fox holder frame cannot be moved by the rotation of the platen *from* printing position, and hence that the concluding words in claim 3, "by the rotation of the platen," import a limitation not found in the Fox structure. He therefore awarded claims 3 and 4 to Malz.   The Fox device is a movable holder for attachment to a visible front-stroke typewriter.   The vertical edges of the holder are provided with a series of notches forming ratchets which are engaged by gear wheels carried by the platen, so that as the platen is rotated the card holder is moved up and down in a substantially vertical plane.   As in the Malz device, the Fox holder is moved to and from, from one position to another, by means of the rotation of the platen.   We think this answers the requirements of claims 3 and 4.   Malz, in his specification, says: "After the last line is stenciled the holder 30 is returned to its initial position by one movement of the handle 45 secured to the platen-shaft 15. The stencil blank is then, by gripping it, which is permissible by means of the recess 36, removed from the holder."   The Fox device permits the holder to be lifted sufficiently high to enable the operator to remove the stenciled blank "by gripping it," as in the Malz device.   This really is more than the claim calls for, and we do not think that a limitation should be arbitrarily read into it which will deprive the prior inventor of his discovery, or harass him hereafter.   *Arbetter* v. *Lewis,* 34 App. D. C. 491.

The decision will be *affirmed* as to claims 1, 2, and 5, and *reversed* as to claims 3 and 4.